IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WIRELESS AGENTS, L.L.C., | § | |
| | § | |
| Plaintiff-counterdefendant, | § | |
| | § | Civil Action No. 3:05-CV-0289-D |
| VS. | § | |
| | § | |
| SONY ERICSSON MOBILE | § | |
| COMMUNICATIONS AB, et al., | § | |
| | § | |
| Defendants- | § | |
| counterplaintiffs. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff-counterdefendant Wireless Agents,
L.L.C. ("Wireless") against defendants-counterplaintiffs Sony
Ericsson Mobile Communications AB and Sony Ericsson Mobile
Communications (USA) Inc. (collectively, "Sony") alleging
infringement of United States Patent No. 6,665,173 ("the '173
patent"), the following motions are presented for decision:
Wireless's January 12, 2006 motion for leave to extend time to
designate expert witnesses; Sony's March 9, 2006 motion to strike
Wireless's disclosure of rebuttal expert witnesses and to exclude
rebuttal expert; and Sony's April 13, 2006 motion to strike
Wireless's disclosure of rebuttal expert witness and to exclude
rebuttal expert witness.[1]

_____

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the
definition of "written opinion" adopted by the Judicial Conference
of the United States, this is a "written opinion[ ] issued by the
court" because it "sets forth a reasoned explanation for [the]
court's decision." It has been written, however, primarily for the
parties, to decide issues presented in this case, and not for

I

In its January 12, 2006 motion, Wireless moves for leave to extend time to designate expert witnesses from January 3, 2006 to January 20, 2006. Under the court's June 27, 2005 scheduling order, Wireless was required to designate its expert witnesses and otherwise to comply with Fed. R. Civ. P. 26(a)(2) by January 3, 2006.[2] On January 12, 2006 Wireless served a designation of expert witnesses on Sony, identifying Gerhard Deffner, Ph.D. ("Dr. Deffner") and Alan G. Ratliff, CPA, J.D. ("Ratliff"), as its experts. Wireless contends that its failure to meet the January 3, 2006 deadline was inadvertent and was due to the serious illness of the lead paralegal on the case and the departure of the lead associate around the time of the deadline. It posits that there is good cause to extend the time and that doing so will not prejudice Sony or cause undue delay.

Sony does not oppose the late designation of Dr. Deffner because Wireless has represented that Dr. Deffner's January 12, 2006 expert report is identical to his report submitted April 28, 2005 in connection with Wireless's preliminary injunction application. It opposes the late designation of Ratliff,

---

publication in an official reporter, and should be understood accordingly.

[2]Although the court's order specified January 1, 2006 as the deadline, it also effectively provided that the deadline was extended to January 3 because January 1 was a Sunday and January 2 was a federal holiday.

contending that Wireless has not demonstrated good cause.

In the absence of a showing of prejudice—and none is apparent given the short extension requested—the court grants the motion.[3] *See Wright v. Blythe-Nelson*, 2001 WL 804529, at *4-*5 (N.D. Tex. July 10, 2001) (Fitzwater, J.) (addressing whether defendants would be prejudiced by late designation of expert witnesses); *see also Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380-81 (5th Cir. 1996) (holding that circuit court, in assessing whether district court had abused its discretion in excluding expert testimony as sanction for violation of discovery order, would analyze, *inter alia*, whether opposing party would have been prejudiced had witness been allowed to testify).   Accordingly, Wireless's January 12, 2006 motion for leave to extend time to designate expert witnesses is granted.

II

The court next considers Sony's March 9, 2006 motion to strike Wireless's disclosure of rebuttal expert witnesses and to exclude rebuttal expert.

_____

[3]On January 19, 2006 Wireless notified the court that it had served Sony with Ratliff's preliminary expert report.

A

Sony designated Brad A. Myers, Ph.D. ("Dr. Myers") as its expert on the issue of the invalidity of the '173 patent. Wireless served on February 28, 2006 its designation of Dr. Deffner as a rebuttal expert. Sony contends that Wireless's designation of Dr. Deffner as a rebuttal expert is improper because Wireless is merely incorporating Dr. Deffner's two prior reports and declaration, all of which relate to the accused devices' alleged infringement and none of which addresses the '173 patent's validity or invalidity. Sony urges the court to strike Wireless's designation and to prohibit Wireless from presenting any expert testimony on the validity issue. Wireless argues that Sony's motion to strike is procedurally improper because the designation has not been filed with the court and the motion is therefore premature. It maintains on the merits that Dr. Deffner's reports comply with Rule 26 and directly rebut Dr. Myers' report.

B

Sony's motion to strike is procedurally proper. In fact, it is not at all unusual for this court to entertain motions to strike addressed to expert designations, see, e.g., Wright, 2001 WL 804529, at *1 (addressing motion to strike untimely designation and disclosure of expert witnesses); Dickerson v. United Parcel Service, Inc., 1999 WL 222389, at *2 (N.D. Tex. Apr. 8, 1999) (Fitzwater, J.) (addressing motion to strike Rule 26(a)(2)(A)

- 4 -

testifying expert designation), and it has not explicitly differentiated between motions addressed to designations filed with the court and those served on the opposing party. Examples of such motions are found in reported cases. *See, e.g., Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1408 (5th Cir. 1995) (referring to motion to strike plaintiff's late designated experts or, in the alternative, to compel production of experts' reports). Filing with the court is not the procedural trigger that gives rise to a motion to strike an expert designation; designation of the expert, including serving the designation, is the procedural trigger.

The court now turns to the merits. Sony argues that Wireless has not designated a rebuttal expert because Dr. Deffner's two prior reports and declaration relate to the accused devices' alleged infringement, not to the validity or invalidity of the '173 patent. This court has held that

> [t]o determine whether a disclosure is properly included under Rule 26(a)(2)(C) rather than under Rule 26(a)(2)(B), it will often be helpful to answer these three questions: First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?

*Poly-Am., Inc. v. Serrot Int'l, Inc.*, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002) (Fitzwater, J.). Although the court posed

- 5 -

these questions in deciding a different issue than is presented here, they reflect that the inquiry has a more procedural than substantive cast.   Thus in a context like the one presented here, the court does not ask whether the designating party has designated a rebuttal expert whose opinions have probative value or even whether they will be admissible at trial.[4]   Instead, to determine whether Dr. Deffner is offering rebuttal expert opinions, the court asks whether he is purporting to contradict or rebut expert opinions offered by Sony as to a claim or defense as to which Sony will have the burden of proof at trial; whether his evidence is disclosed as rebuttal evidence on the same subject matter as that identified by Sony in its Rule 26(a)(2)(B) disclosure; and whether the evidence disclosed as rebuttal evidence is intended solely to contradict or rebut that evidence.

Having considered Wireless's response to Sony's motion, the court concludes under these factors that Dr. Deffner is offering rebuttal expert opinions because, at a minimum, his opinions concerning claim construction directly bear on the issue of patent invalidity.   *See, e.g., Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("A claim must be construed before determining its validity just as it is first

---

[4]Some motions to strike, of course, *do* present substantive questions concerning the admissibility of an expert's opinion, such as those filed under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

construed before deciding infringement." (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 996 n.7 (Fed. Cir. 1995) (Mayer, J., concurring), *aff'd*, 517 U.S. 370 (1996))). This is sufficient to deny the motion to strike Wireless's disclosure of rebuttal expert witnesses and to exclude rebuttal expert. *See Poly-Am.*, 2002 WL 1996561, at *15 ("Here, Poly-America has shown that at least some of Rawl's testimony purports to contradict or rebut Struve's opinion that the patents-in-suit are invalid based on obviousness.").

Accordingly, Sony's March 9, 2006 motion to strike Wireless's disclosure of rebuttal expert witnesses and to exclude rebuttal expert is denied.

### III

Finally, the court turns to Sony's April 13, 2006 motion to strike Wireless's disclosure of rebuttal expert witness and to exclude rebuttal expert witness, which is related to Sony's March 9, 2006 motion to strike.

After Sony filed its March 9, 2006 motion, Wireless served a supplemental designation on March 15, 2006. Sony maintains that the supplemental designation contains improper rebuttal evidence and new opinions not contained in Wireless's February 28, 2006 designation, and it moves to strike Wireless's March 15, 2006 supplemental designation and to preclude Dr. Deffner from providing any evidence on the issue of invalidity. It posits that the

supplemental designation redesignates Dr. Deffner's two prior reports and declaration and purports to designate a fourth report that is dated December 5, 2005, preceded Sony's designation of Dr. Myers, and contains new opinions not reflected in Wireless's February 28, 2006 designation.

To the extent the court's decision denying Sony's March 9, 2006 motion to strike Wireless's disclosure of rebuttal expert witnesses and to exclude rebuttal expert also applies to Sony's present motion, it is denied for the same or similar reasons. To the extent Wireless's designation is an improper supplementation that should be treated as a new designation that is at least partially untimely——served March 15, 2006 instead of by the March 1, 2006 deadline——this court is required to decide whether Sony will be prejudiced. *See, e.g., Wright*, 2001 WL 804529, at *4. The delay of 14 days will not unduly prejudice Sony under the circumstances of this case. *Cf. id.* at *6 (denying leave to designate expert witnesses, and granting motion to strike, where party's former counsel did not designate them by court-ordered deadline or during several month period that followed and present counsel did not attempt to designate them until 30 days before scheduled trial docket, no reasonable explanation was presented for these failures, and defendants would be palpably prejudiced if court allowed plaintiff to designate expert witnesses). Accordingly, Sony's April 13, 2006 motion to strike Wireless's

- 8 -

disclosure of rebuttal expert witness and to exclude rebuttal expert witness is therefore denied.

                    *       *       *

Wireless's January 12, 2006 motion for leave to extend time to designate expert witnesses is granted. Sony's March 9, 2006 motion to strike Wireless's disclosure of rebuttal expert witnesses and to exclude rebuttal expert is denied. Sony's April 13, 2006 motion to strike Wireless's disclosure of rebuttal expert witness and to exclude rebuttal expert witness is denied.

**SO ORDERED.**

May 31, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 9 -