```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

WIRELESS AGENTS, L.L.C.,          §
                                  §
     Plaintiff-counterdefendant,  §
                                  § Civil Action No. 3:05-CV-0289-D
VS.                               §
                                  §
SONY ERICSSON MOBILE              §
COMMUNICATIONS AB, et al.,        §
                                  §
     Defendants-                  §
     counterplaintiffs.           §
```

MEMORANDUM OPINION
AND ORDER

In this action for infringement of United States Patent No. 6,665,173 ("the '173 patent"), entitled "Physical Configuration of a Hand-Held Electronic Communication Device," plaintiff-counterdefendant Wireless Agents, L.L.C. ("Wireless") moves for partial summary judgment on its claim of ownership of the '173 patent and on the affirmative defense and counterclaim of indefiniteness raised by defendants-counterplaintiffs Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. (collectively, "Sony"). For the reasons that follow, the court grants the motion.

I

This case is the subject of several prior opinions, including one that is published. *See Wireless Agents, L.L.C. v. Sony Ericsson Mobile Communications AB*, 390 F.Supp.2d 532 (N.D. Tex. 2005) (Fitzwater, J.), *aff'd*, 189 Fed. Appx. 965 (Fed. Cir. 2006) (unpublished opinion). The court therefore pretermits a discussion

of the background facts and procedural history.  Wireless now moves for partial summary judgment on its claim of ownership of the '173 patent and on Sony's affirmative defense and counterclaim under 35 U.S.C. § 112, 2d ¶ that the claims of the '173 patent are invalid for indefiniteness.

                                II

Wireless moves for partial summary judgment establishing its claim of ownership of the '173 patent.  In Sony's summary judgment response, it explicitly states that, although it once believed there to be questions concerning whether Wireless had properly acquired the '173 patent, it "is not contesting here [Wireless's] ownership of the '173 patent."  Ds. Br. 2.  Accordingly, the court grants Wireless's motion to the extent of concluding that it has established its ownership of the patent-in-suit.

                                III

The court next considers Wireless's contention that it is entitled to summary judgment dismissing Sony's affirmative defense and counterclaim for indefiniteness.

                                 A

35 U.S.C. § 112 provides, in relevant part:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated

> by the inventor of carrying out his invention.
>
> *The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.*

*Id.* (emphasis added). "[I]ndefiniteness is a question of law. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005) (citing *Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1378 (Fed. Cir. 1999)). "A decision on whether a claim is invalid under § 112, 2d ¶, requires a determination of whether those skilled in the art would understand what is claimed when the claim is read in light of the specification." *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1576 (Fed. Cir. 1986) (citing *Seattle Box Co. v. Indus. Crating & Packing, Inc.*, 731 F.2d 818, 826 (1984)). "[T]he inquiry under section 112, paragraph 2, now focuses on whether the claims, as interpreted in view of the written description, adequately perform their function of notifying the public of the [scope of the] patentee's right to exclude." *In re Larsen*, 10 Fed. Appx. 890, 891-92 (Fed. Cir. 2001) (unpublished opinion) (citing *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1379 (Fed. Cir. 2000)). In short,

> [t]he requirement that the claims particularly point[ ] out and distinctly claim[ ] the invention is met when a person experienced in the field of the invention would understand the scope of the subject matter that is patented when the claim is read in conjunction with the rest of the specification. If the

- 3 -

> claims when read in light of the specification reasonably apprise those skilled in the art of the scope of the invention, § 112 demands no more.

*S3 Inc. v. NVIDIA Corp.*, 259 F.3d 1364, 1367 (Fed. Cir. 2001) (internal citations and quotation marks omitted).

> Definiteness means that the language of the claims must clearly set forth the area over which the applicant seeks exclusive rights. The requirement essentially demands precision in the language of the claim, rather than adequacy of disclosure or description. Thus if the specifications are not commensurate with the subject matter encompassed by a claim, the claim may still be definite within the meaning of Section 112, although the specifications may not adequately describe the invention or enable one skilled in the art to reproduce it. The definiteness requirement is more than a linguistic quibble, however. Its purpose is to demarcate the boundaries of the purported invention, in order to provide notice to others of the limits "beyond which experimentation and invention are undertaken at the risk of infringement. . . . The definiteness requirement shapes the future conduct of persons other than the inventor, by insisting that they receive notice of the scope of the patented device.

*Rengo Co. v. Molins Mach. Co.*, 657 F.2d 535, 551 (3d Cir. 1981) (internal citations and quotation marks omitted).

"To respect a patent's presumption of validity, *see* 35 U.S.C. § 282, a court should hold a claim indefinite only after reasonable efforts at construction prove futile." *Halliburton Energy Servs., Inc. v. M-I, LLC*, 456 F.Supp.2d 811, 815 (E.D. Tex. 2006) (citing *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001)). "A claim is not indefinite merely because it

poses a difficult issue of claim construction." *Id.* (citing *Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.*, 359 F.3d 1367, 1371 (Fed. Cir. 2004)). "Only claims not amenable to construction or insolubly ambiguous are indefinite." *Id.* (quoting *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (internal quotation marks omitted)). Moreover, "[a] party must show invalidity for indefiniteness by clear and convincing evidence, and close questions of indefiniteness 'are properly resolved in favor of the patentee.'" *Id.* (quoting *id.* at 1348; *Exxon Research & Eng'g Co.*, 265 F.3d at 1380).

B

Wireless and Sony dispute the meaning of the claim term "generally parallel" as it is used in the '173 patent to refer to the relationship between the body or input portion and the display portion of the device. Wireless contends that Sony has failed to produce any evidence (much less clear and convincing evidence) that the claim term "generally parallel" is insolubly ambiguous and thus indefinite. It posits that the term is clearly defined by the '173 patent to include "some deviation from parallel," and it points out that Sony's and Wireless's experts have both stated that a person of ordinary skill in the art would understand the meaning of the term as it is presented in the patent. Wireless also contends that the term "generally parallel" has been considered on at least 23 occasions by the Federal Circuit and never been held to be

- 5 -

indefinite.[1]

Sony responds that the claim term "generally parallel" is only sufficiently definite if it is construed "according to the disclosures in the specification" to mean "parallel to a plane defined by the alphanumeric keyboard *to within manufacturing tolerances*." Ds. Br. 5 (emphasis added). Sony asserts that Wireless's proposed construction of the claim term as "includ[ing] some deviation from parallel" does not provide the public with notice as to the scope of the claimed invention, and thus does not satisfy the definiteness requirement. It argues that neither the inventors nor Wireless's own expert can explain what amount of deviation from parallel would fall within the scope of the term.

Wireless replies, *inter alia*, that Sony has misapplied the doctrine of claim definiteness, and that by proposing such a construction, it has conceded (however unintentionally) that the claim term is not indefinite.

C

The court holds that the term "generally parallel" is not indefinite. The Federal Circuit

> has not insisted that claims be plain on their face in order to avoid condemnation for indefiniteness; rather, [the court has] asked . . . that the claims be amenable to construction, however difficult that task may

---

[1] Wireless also notes that the Manual of Patent Examining Procedure makes clear that the use of "relative terminology" like "generally parallel" does not render claims indefinite.

- 6 -

> be. If a claim is insolubly ambiguous, and no narrowing construction can properly be adopted, we have held the claim indefinite. If the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds.

*Exxon Research & Eng'g Co.*, 265 F.3d at 1375. Indefiniteness is "inextricably intertwined with claim construction." *Atmel Corp.*, 198 F.3d at 1379; *see also S3 Inc.*, 259 F.3d at 1367. In other words, "[t]he question of whether the claims meet the statutory requirements of § 112 ¶ 2 is a matter of construction of the claims . . . ." *S3 Inc.*, 259 F.3d at 1367 (citing *Atmel Corp.*, 198 F.3d at 1374). Moreover, "[t]he claims as granted are accompanied by a presumption of validity based on compliance with, *inter alia*, § 112 ¶ 2." *Id.* (citing *Budde v. Harley Davidson, Inc.*, 250 F.3d 1369, 1376 (Fed. Cir. 2001)).

Sony does not even attempt to argue that the claim term at issue is not amenable to any construction at all. In fact, its claim construction argument demonstrates that the term can be given at least one reasonable construction.[2] Sony devotes the majority of its summary judgment brief to advocating this narrowing construction of the disputed claim term: "parallel to a plane

---

[2]Although the court recognizes that the question of indefiniteness is inextricably intertwined with claim construction, it need not now adopt a final construction of the term "generally parallel." Because Sony has proffered a construction of the term, it is not indefinite.

- 7 -

defined by the alphanumeric keyboard to within manufacturing tolerances." *See* Ds. Br. 5-18.  It posits that "[i]f the Court adopts this construction, then the claim avoids being indefinite." *Id.* at 5.  Sony has therefore failed to show that the meaning of claim term is indiscernible or insolubly ambiguous.  Rather, it proffers a construction of the claim term as it appears in the '173 patent and urges that this construction is the only correct one.  Consequently, the alleged indefiniteness of the claim term "generally parallel" cannot serve as a basis for Sony's affirmative defense and counterclaim of invalidity.  Wireless is therefore entitled to partial summary judgment dismissing this defense and counterclaim.

\*   \*   \*

Wireless's July 3, 2006 motion for partial summary judgment is granted.

**SO ORDERED.**

January 31, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE